**INDUSTRIAL BANKERS OF AMERICA, Inc., v. HANDY, Collector of Internal Revenue.**

No. 3.

District Court, D. Delaware.

Aug. 31, 1936.

Richards, Layton & Finger, of Wilmington, Del., and Jackson R. Collins, of New York City, for plaintiff.

Leonard E. Wales, U. S. Atty., of Wilmington, Del., and Robert H. Jackson, Gen. Counsel, Bureau of Internal Revenue, and William Boyd Duff, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

NIELDS, District Judge.

Indebitatus assumpsit under U.S.Rev. St. § 3226, as amended (26 U.S.C.A. §§ 1672–1673), to recover moneys wrongfully collected from the plaintiff by the defend-

ant as corporate income taxes. In its declaration plaintiff alleges: "That the collection on March 12, 1930, of $5,614.02, the collection on June 13, 1930, of $5,614.00, and the collection on November 15, 1930, of $11,396.42, by the defendant from the plaintiff, as and for an alleged corporate income tax and interest thereon for the fiscal year ended December 31, 1929, * * was illegal and invalid. That by reason of the facts aforesaid there * * * is now due from the defendant to the said plaintiff the sum of $22,624.44, with interest. * * *"

In its declaration plaintiff also alleges: "That on or about the twenty-ninth day of October, 1930, the said plaintiff filed an amended income tax return for the fiscal year ended December 31, 1929, which showed no corporate income tax due from the said plaintiff for said period, because in said amended return the said plaintiff took deductions as losses sustained upon dissolution and ʼnot compensated for by insurance or otherwise in the sum of $916,-436.00, which was the amount paid by the plaintiff as expense to security salesmen and/or investment bankers in the flotation of its stock. * * *"

Defendant pleads non assumpsit and statute of limitations. Defendant further moves for judgment "for the reasons that there is not sufficient or substantial evidence to warrant judgment for the plaintiff and that the defendant is entitled to such judgment as a matter of law under the evidence and facts of the case."

The following facts are stipulated by the parties: April 11, 1923, plaintiff was incorporated. May 8, 1929, plaintiff with American Loan Company and Beneficial Industrial Loan Corporation entered into an agreement entitled an "Agreement and Act of Consolidation" which was filed with the secretary of state of the state of Delaware on May 9, 1929. March 13, 1930, plaintiff filed an income tax return including therein income from January 1, 1929, to May 9, 1929, the effective date of said "Agreement and Act of Consolidation." This return showed a computed tax due for said period of $22,456.02, which was paid to defendant in full. October 31, 1930, plaintiff filed an amended income tax return which showed no corporate income tax due for the said period. In said amended return deductions were taken in the sum of $916,436 under schedule 22-D denominated "financing expense taken as deduction upon

liquidation May 9, 1929." This amount of $916,436 was the difference between the price evidenced on agreements similar to Exhibit C and C–1 and the amount received by the plaintiff under agreements marked Exhibits D and D–1. August 8, 1930, plaintiff filed a claim for the refund of said sum of $11,228.02, the amount of taxes paid on March 13, 1930, and on June 16, 1930. April 21, 1931, this claim for refund was rejected. April 17, 1931, a similar claim for refund was filed by plaintiff for the sum of $11,228, the amount of taxes and interest paid November 17, 1930. October 9, 1931, this claim for refund was rejected. $916,436 was neither entered on the books of plaintiff nor claimed as a deduction on the original return of plaintiff. Stock was credited with what was actually received.

Plaintiff was incorporated in 1923. Five years later, in March, 1928, plaintiff made a written proposal to Clarence Hodson & Co., Inc., offering to sell 20,000 shares of its par value preferred stock and 20,000 shares of its no par value common stock at a price of $105 per unit, consisting of one share of preferred stock and one share of common stock. In July, 1928, a similar offer was made to sell 30,000 shares of preferred and 30,000 shares of common at $110 per unit for the first 5,000 units and $115 for each additional unit. The offer specified that Clarence Hodson & Co., Inc., was to endeavor to see that a retail price to the public was maintained at $130 per unit in the first offer and $140 per unit in the second offer. Clarence Hodson & Co., Inc., sold the stock by units.

In the original income tax return of plaintiff the deduction in question was not claimed. In an amended return a deduction in the amount of $916,436 was claimed. A claim for the refund of the entire tax paid was made on the ground of the deduction asserted. The stipulation describes this amount as the difference between the price evidenced on agreements similar to certain exhibits and the amount received by plaintiff under other agreements. The nature of these agreements has been briefly summarized above.

The claim for refund suggests that the amount is deductible as a capital expense at the time of dissolution referring to May 8, 1929, when the "Agreement and Act of Consolidation" was executed. It is stipulated that the $916,436 was neither entered on the books of the company nor claimed as a deduction on its original return. The

stock was credited only with what was actually received. Since each unit contained a share of no par value common stock, it cannot even be said that plaintiff disposed of its stock at a discount below par. When the agreements are analyzed, there is nothing to indicate that any loss or expense whatsoever was incurred by plaintiff. If A sells products to B at a wholesale price and B thereafter sells at retail to C at a greater price, the difference between the prices is a matter of no consequence to A and affords him no right to claim a deduction therefor. Similarly, the only interest plaintiff could have in the retail price was to see that a high figure was maintained. If there could be read into the transaction a discount on stock sales or an expense in marketing the company's own capital stock, the deduction could not be allowed. American Loan Co. v. Handy (D.C.) 16 F.Supp. 107.

Judgment will be entered for defendant.

Exceptions, if any, may be filed within ten days from the date hereof.